DANIEL J. FENNELL, Plaintiff, v. CHARLES F. GAISER, Defendant.*

Supreme Court, Livingston County, April 21, 1939.

*Mark F. Welch* [*Austin W. Erwin* of counsel], for the plaintiff.

*Brown & Zurett* [*Oscar J. Brown* of counsel], for the defendant.

LAPHAM, J. This is a motion to vacate the judgment in the above-entitled action, set aside the verdict of the jury, and grant the defendant a new trial, pursuant to the provisions of section 552 of the Civil Practice Act. This motion is rather unique in that it calls upon this court at Special Term to review its own conduct at Trial Term.

The county of Livingston has but three Trial Terms annually and, as in other rural counties of this judicial district, its attorneys often encounter great difficulty in disposing of accumulated litigation because of the position of certain other cases in which opposing counsel are interested upon the calendars of metropolitan areas where Trial Terms are in session the greater part of the year. This result frequently imposes great hardship upon the rural attorneys and their clients, and the action of this court, upon which the present motion is based, arose out of its efforts to meet such a situation. This is a condition which should not prevail. No justice presiding at a Trial Term in an urban district would refuse to co-operate with the presiding judge in a rural county if the conflict of interests were brought to his attention.

---

* Affd., —— App. Div. ——.

At the opening of the Livingston County Trial Term at Geneseo, N. Y., on November 7, 1938, the official engagements of the district attorney of that county during the earlier portion of the term, and other conditions then and there prevailing, interfered with the impaneling of a trial jury on the opening day, and in consideration of the attendant expense to the taxpayers of the county, court was adjourned until the following Wednesday, at which time a case was tried and disposed of. The next morning, November tenth, the calendar again broke, and the presiding judge, in an effort to work out a solution, called a conference of attorneys in his chambers at which Melvin H. Zurett, of the firm of Brown & Zurett, attorneys for the defendant herein, was present and participated. Upon this occasion the court announced in substance that it would brook no further delay and the term would either proceed or be adjourned *sine die*. Following this announcement a new calendar of ready cases was set up, among them the above-entitled action, designated as No. 54, and Mr. Zurett assured the court that when the case was reached one of his firm would be present to draw a jury and proceed with the trial. In reliance upon the assurances there given the term was further adjourned until Monday, November fourteenth, on which day case No. 45 was tried and disposed of. This action was followed by cases numbered 51, 52 and 53, which were tried together, and the attorneys in the above-entitled action were notified to be in Geneseo and ready for trial on November sixteenth. At two o'clock on that day one Joseph D'Aprile, representing himself to be a clerk from the office of Brown & Zurett, advised the court that Mr. Brown, who was to try the case, was engaged in court at Rochester and would proceed to Geneseo as soon as the Monroe county case was finished. Throughout the day the court had been in consultation with the clerk and every available means was employed to keep defendant's counsel informed of the status of the calendar and to have one of them in court. Mr. Zurett was known to the court to be a lawyer of trial experience and there was no explanation offered by the representative from his office why he, at least, was not present to proceed with the impaneling of the jury. In the light of the understanding between the court and counsel at the conference of November tenth and the repeated communications from the clerk of the court to the office of defendant's attorneys in an effort to keep them informed and have them in court on the call of the case, the patience of the court was sorely tried when, at the close of the preceding case, Mr. D'Aprile, who had been in court during the afternoon, approached the bench and inquired if he should have Mr. Brown called to Geneseo. The court felt that, under the circumstances and Mr. Brown's detention

in Rochester, Mr. Zurett should have been present to draw the jury and avoid the expense of bringing the entire panel back the following day, and that this neglect was an obvious disregard of the firm's obligation to the court and opposing counsel, who were present in court and prepared to move the case. This provoked the statement from the bench, addressed to Mr. D'Aprile, to the effect that there had been enough delay in this case and the inquiry as to whether there was any one present from the firm of Brown & Zurett prepared to draw the jury. No one so prepared being present, the court thereafter directed the clerk to recess the court until nine o'clock the following morning, which was done. At that time the case was duly moved for trial and disposed of without any complaint being made by defendant's counsel of the conduct of the court on the previous afternoon. In the absence of any objection by defendant's counsel he cannot now, after the case has been tried and the jury has rendered its verdict, be heard to complain.

The motion to vacate the judgment, set aside the verdict of the jury and grant the defendant a new trial is denied, without costs.

Let order enter accordingly.